(Cuyahoga County Court of Common Pleas.)

## THE STATE OF OHIO v. CHARLES H. SPRINGER.

### Criminal Law—Abortion.

Under sec. 6815, making it a crime to administer medicines to procure a miscarriage, no conviction can be had unless miscarriage or death follows.

On an indictment under that section the defendant can not be found guilty of attempting to procure an abortion.

An attempt to procure miscarriage is not a crime under the laws of Ohio, and sec. 7316 does not apply to such case.

---

ONG, J. (orally).

In the case of The State of Ohio v. Charles H. Springer, charged in the indictment in the first count thereof with having violated sec. 6815 by using instruments with intent to procure the miscarriage of Hattie Malady, and in the second count of the indictment charged with having violated the same section of the statute by administering to her medicines or drugs for that purpose, the ac-

cused was put upon trial to a jury and acquitted under the first count in the indictment, but a verdict returned of guilty as charged in the second count of the indictment.

A motion was made to discharge the prisoner on the ground that the verdict was not responsive to the second count of the indictment, and also for the reason that the verdict convicted him of an act that was not a crime within the criminal laws of Ohio, to-wit: found him guilty of attempting to procure an abortion, and for that reason, he being acquitted of the charge in the first count, and not being found guilty under the second count, counsel claim he must therefore be discharged because he has once been in jeopardy. The motion, however, to discharge was promptly overruled on the authority of the 34 Ohio St. Rep. In that case a similar motion was made, and there the verdict was set aside and a new trial ordered. The charge was one of rape. There is pending, however, in this case, a motion to grant a new trial, and it is that motion that is now before the court for disposition and I want to say to counsel on both sides that whilst I have had pretty decided views on this proposition, and indeed that same proposition arose this term in another form, under another indictment, nevertheless the claim made by the state is not without merit, and surely it is fair reasoning that where an indictment charges a man with having perpetrated a crime, it must involve always an attempt to perpetrate it. In other words, an attempt must precede the act naturally and necessarily, the same as an assault must necessarily precede an assault and battery. And it is contended on behalf of the state that that being true, an indictment charging a man with administering drugs or using instruments to procure the miscarriage of a female, must involve an attempt before the act could be consummated; and in this case the jury found the prisoner, the defendant, guilty of attempting to procure an abortion by administering a certain noxious and poisonous drug as charged in the second count of the indictment, and found him not guilty as charged in the first count of the indictment. In addition to the position taken by the state as to the attempt always preceding the act, a section of the statutes of Ohio looks very strongly in that direction as a matter of legislation; sec. 7316 reads as follows: "Upon any indictment the jury may find the defendant not guilty of the offense charged, but guilty of an attempt to commit the same."

Now, if the statute there stopped, then, I take it, it would be direct legislation authorizing a jury to convict upon the theory and proposition maintained here by the state, to-wit: that they might convict of the attempt to commit the crime with which the party stands charged; but the legislature did not stop in this section at that point, but adds: "If such an attempt is an offense." Now, whilst, as I have said, this legislation looks in the direction of sustaining the position of the state, and would clearly sustain it were not it for the fact that the charge which authorizes the conviction of the attempt expressly provides that such an attempt must be an offense according to the statutes of the state, we can only look to the statute for the offense in Ohio, for the reason that there are no common law crimes in this state; they are statutory, or they do not exist. The statute under which the defendant was indicted and the verdict returned, provides: "Whoever, with intent to procure the miscarriage of any woman, prescribes or administers to her any medicine, drug, or substance whatever, or, with like intent uses any instrument or means whatever, unless such miscarriage is necessary to preserve her life, or is advised by two physicians to be necessary for that purpose, shall, if the woman either miscarries or dies in consequence thereof, be imprisoned," etc.

Now, clear it is under this statute that if the medicines were administered, or if instruments were used and neither miscarriage took place, nor death followed, it would not be a crime under this statute, and it would not be a crime under the statute for the reason that the statutes expressly make the act dependant upon the results or consequences to constitute a crime. If the statute read, "Whoever, with intent to procure the miscarriage of any woman, prescribes or administers to her any medicine, drug, or substance, whatever; or, with like intent, uses any instrument or means whatever, or did attempt to administer, or did attempt to use such instrument, unless such miscarriage was necessary to preserve her life, or is advised by to physicians to be necessary for that purpose, shall, whether the woman miscarry or not, whether she die or not, be imprisoned in the penitentiary," you would have a statutory crime, the language used making an attempt as well as the completion of the act a crime under the statutes of the state. The statute is not so worded. It simply provides and makes the act a crime when the medicine has been administered or the instrument used with that intention, and the woman miscarries or dies. It takes the whole of it to constitute the crime. There is no other statute relating to the crime of abortion such as involves the charge preferred against Dr. Springer; hence we can look to the statute only, and, hence no crime exists at all, unless miscarriage occur or death follow. And that being true, I am clearly of the opinion that sec. 7316 does not apply for the reason "that upon any indictment the jury may find the defendant not guilty of the offense charged." Now, that would be in that case abortion or death by administering medicines or drugs, or the act of using instruments, and that is what he is charged with; or they might find him guilty of the attempt to commit the same, if such an attempt was an offense; or if the statute reads as I have indicated, then by the terms of the statute the attempt at abortion would be an offense, and the jury might

well have acquitted of the real crime charged, and convicted of the attempt. But the abortion statute does not so read, hence this verdict, under the two sections of the statute as I construe them, is not responsive, and the jury did not find the accused, Dr. Springer, guilty of an offense known to the laws of the state, because there is no such crime in Ohio as attempting to procure an abortion. The verdict of the jury is "we find the defendant guilty of attempting to procure the miscarriage of Hattie Malady by administering a poison drug."

There has been considerable stress laid upon the word "attempt" in this state, several courts in the state holding upon the line as claimed by the prosecuting attorney in this case. I do not believe it sound doctrine even under our Code, for the reason that in charging a man with crime, and of which you propose to convict, if it is an attempt to perpetrate a crime, then it should be so charged. For instance, rape, or murder is a crime. Nevertheless, that crime depending upon and made so by that statute, you cannot indict under another and separate statute, to-wit; that of robbery, and convict under a statute upon which the indictment does not rest, because the very charge in the indictment is, and the very office of the indictment is, to advise the accused with what he stands charged and what statute he has violated, because you say: "Contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Ohio." Now, to what statute do you refer? You refer to, if you please, the statute of robbery, which provides and I only use this as an illustration. You say by your indictment, this statute, which reads as follows: "That whoever, by force and violence, or by putting in fear, takes from the person of another anything of value, is guilt of robbery." You serve the indictment on the accused under the laws of the state, before you can go to trial. He reads it, and his counsel reads it, and they come into court to answer to the violation of that statute; and after you get into the trial, the facts come out in the court, and he then, for the first time, is advised that he is to answer under another statute, to-wit: an assault with intent to commit robbery, that being an indepedent crime, and under independent statute, the indictment resting upon that, and no notice being given, it is, to my mind, going too far in the construction of criminal statutes and convicting of men for crime. It is not in my judgment the law of Ohio.

And the same in this case: To say that this man can be convicted of attempting to procure an abortion, because the attempt must precede the consummation of the act, would be to convict him of something that he is not charged with. And more than that, in this case, it would be to convict him of something that is not a crime in Ohio; hence, the verdict is not responsive to the indictment, and the accused is not and does not stand convicted under either count in the indictment; absolutely acquitted of one, and no verdict in the other.

The motion will be granted, verdict set aside, and new trial ordered. Bond, $3,000.

Hon. J. E. Blandin and O. M. Broadwell, for defendant.

T. L. Strimple, Pros. Attorney, for plaintiff.